[No. C011236. Third Dist. July 22, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN RICHARD JILLIE, Defendant and Appellant.

[Opinion certified for partial publication.*]

*See footnote 1, *post*, page 961.

## COUNSEL

Myron D. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, J. Robert Jibson and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

PUGLIA, P. J.—Defendant submitted the question of his guilt on the preliminary hearing transcript. He was convicted of attempted forcible sodomy (Pen. Code, § 286, subd. (c)—count I), attempted forcible oral copulation (Pen. Code, § 288a, subd. (c)—count II), and failing to register as a sex offender (Pen. Code, § 290, subd. (b)—count III). The court also found he served a prior prison term (Pen. Code, § 667.5, subd. (b)).

Sentenced to state prison, defendant appeals contending the trial court erred (1) by failing to advise him of the range of permissible punishment before he submitted the matter, (2) by imposing multiple sentences for a single act, and (3) by requiring him to submit to acquired immune deficiency syndrome (AIDS) blood testing. We agree only with defendant's last contention and shall affirm after modifying the judgment accordingly.[1]

On January 31, 1991, Cheri Meyers was working in a video store in Red Bluff when defendant approached her, placed a note on the counter and told her, "Do everything I say on this note or your friend's life will be taken. You have twenty seconds to go and lock the door." The note stated, among other things, that if Meyers wanted to live for a long time she was to remove her clothing, orally copulate defendant and submit to being sodomized by him. Meyers began shaking and crying. Meyers's coworker summoned a postman from outside and he detained the defendant until the police arrived.

---

[1] The Reporter of Decisions is ordered to publish all of this opinion except parts I and II.

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

Apparently with Penal Code section 1202.1 in mind, the trial court ordered defendant to submit to testing for the presence of AIDS antibodies.[3] Defendant contends this was error.

Penal Code section 1202.1 provides: "(a) Notwith standing Sections 199.20[4] and 199.22[5] of the Health and Safety Code, the court shall order every person convicted of a violation of a sexual offense listed in subdivision (d), whether or not a sentence or fine is imposed or probation is granted, to submit to a blood test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS). Each person tested under this section shall be informed of the results of the blood test. [¶] (b) Notwith standing Section 199.21 of the Health and Safety Code,[6] the results of the blood test to detect antibodies to the probable causative agent of AIDS shall be transmitted by the clerk of the court to the Department of Justice. [¶] (c) Notwithstanding Section 199.21 of the Health and Safety Code, the Department of Justice shall provide the results of a test or tests as to persons under investigation or being prosecuted under Section 647f or 12022.85, if the results are on file with the department, to the defense attorney upon request; and the results also shall be available to the prosecuting attorney upon request for the sole purpose of preparing counts for a subsequent offense under section 647f or sentence enhancement under Section 12022.85. [¶] (d) For the purposes of this section, sexual offenses include any of the following: [¶] (1) Rape in violation of Section 261. [¶] (2) Unlawful intercourse with a female under age 18 in violation of Section 261.5. [¶] (3) Rape of a spouse in violation of Section 262. [¶] (4) Sodomy in violation of Section 286. [¶] (5) Oral copulation in violation of Section 288a."

■ Defendant argues that because the offenses for which he was convicted, to wit, attempted sodomy and attempted forcible oral copulation, are

---

*See footnote 1, *ante*, page 961.

[3]The trial court did not indicate the authority under which it imposed the testing. Since we are unaware of any applicable section and because the parties have argued the issue on the basis the order was made under Penal Code section 1202.1, we dispose of the issue on that assumption.

[4]Health and Safety Code section 199.20 relates to the privacy rights of persons tested for AIDS antibodies.

[5]Health and Safety Code section 199.22 prohibits the testing of a person for AIDS antibodies without the person's consent.

[6]Health and Safety Code section 199.21 relates to unauthorized and authorized disclosures of the results of blood tests for AIDS antibodies.

not offenses specified in the statute, the statute is not applicable to him. The People urge the statute is ambiguous and should be construed to include attempts.

We do not find the statute ambiguous. It expressly identifies the offenses within its scope, all of which are completed offenses. Had the Legislature meant to include attempts among the covered offenses, it could easily have done so as it has done in other instances, for example, Penal Code section 667.5, subdivision (c)(12) specifying attempted murder as one of several violent felonies, and Penal Code section 1192.7, subdivision (c)(27) making an attempt to commit any of the specifically listed felonies also a serious felony. Since the statute is clear and unambiguous, it is not necessary to resort to extrinsic aids for construction. (*Swift* v. *County of Placer* (1984) 153 Cal.App.3d 209, 213 [200 Cal.Rptr. 181].)[7]

The order requiring defendant to submit to testing for AIDS antibodies is vacated. The superior court is directed to amend the abstract of judgment accordingly and to forward a certified copy thereof to the Department of Corrections. In all other respects the judgment is affirmed.

Blease, J., and Davis, J., concurred.

---

[7] The Attorney General's request for judicial notice is denied.