[No. B083666. Second Dist., Div. Four. June 9, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ISAIAS FRAUSTO, Defendant and Appellant.

## COUNSEL

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Victoria Bedrossian, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (A. M.), P. J.**—Appellant Isaias Frausto pled guilty to a violation of Penal Code section 264.1, rape while acting in concert. He appeals from an order requiring him to undergo AIDS testing pursuant to section 1202.1 of the Penal Code, arguing that section 264.1 is not specifically listed in section 1202.1 as one of the offenses on which an order for compulsory AIDS testing can be based. We hold that a violation of section 264.1 can form the basis for an AIDS test where, as here, the section 264.1 violation derives from the defendant's personal participation in the rape. Accordingly, we affirm the trial court's order.

I

Appellant and codefendant, Ricardo Frausto, picked up a young woman under the pretext of giving her a ride, drove her to a deserted area, and forced her to engage in various sexual acts. At the preliminary hearing, the

victim specifically testified to having been penetrated by appellant. Ricardo Frausto was unable to achieve an erection, but, according to the victim's testimony, he forced her to orally copulate him and penetrated her with his fingers.

Appellant and Ricardo Frausto were charged with rape while acting in concert, assault with intent to commit rape, penetration by a foreign object, oral copulation by force while acting in concert, and kidnapping for sexual purposes. Under a plea bargain, appellant pled no contest to "Count 1 a violation of Penal Code Section 264.1 . . . ." Section 264.1 governs where defendant "voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed an act described in Section 261 [rape], 262 [spousal rape], or 289 [penetration by foreign object], *either personally or by aiding and abetting the other person . . . .*" (Pen. Code, § 264.1, italics added.) Specifically, count 1 charged that "[o]n or about December 8, 1993, in the County of Los Angeles, the crime of forcible rape while acting in concert, in violation of Penal Code Section 264.1, a Felony, was committed by Ricardo Antonio Frausto and Iseious [*sic*] Frausto, who did willfully and unlawfully have and accomplish an act of sexual intercourse with a person . . . by means of force and fear of immediate and unlawful bodily injury on said person and another while voluntarily acting in concert with each other and another by force and violence and against the will of [the victim] personally and by aiding and abetting each other and another in violation of penal code sections 264.1 and 261(2)."

Appellant was sentenced to nine years' imprisonment and ordered to undergo blood testing for the presence of the AIDS virus pursuant to section 1202.1 of the Penal Code. Section 1202.1 provides in relevant part: "Notwithstanding Sections 199.20 and 199.22 of the Health and Safety Code [prohibiting involuntary AIDS testing], the court shall order every person who is convicted of . . . a sexual offense listed in subdivision (e) . . . to submit to a blood test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS)." (Pen. Code, § 1202.1, subd. (a).) Subdivision (e) defines "sexual offense" as follows: "For purposes of this section, 'sexual offense' includes any of the following: (1) Rape in violation of Section 261. (2) Unlawful intercourse with a female under age 18 in violation of Section 261.5. (3) Rape of a spouse in violation of Section 262. (4) Sodomy in violation of Section 286. (5) Oral copulation in violation of Section 288a." (*Id.*, § 1202.1, subd. (e).) The results of the test are made known to the convicted defendant, the local health officer, and the victim. (*Id.*, § 1202.1, subds. (a), (b), (d).) In addition, the Department of Justice keeps a record of positive tests, and if the defendant commits a future

sexual offense, the information can result in sentence enhancement or a separate felony charge. (*Id.*, § 1202.1, subd. (c).)

In *People* v. *McVickers* (1992) 4 Cal.4th 81 [13 Cal.Rptr.2d 850, 840 P.2d 955], the Supreme Court affirmed the retroactive applicability of Penal Code section 1202.1, and concluded that in enacting it, the Legislature had a nonpunitive purpose of preventing the spread of AIDS. Testing sexual offenders was a legitimate means to that end because "[r]equiring sex offenders to be tested, informing them of the results, and increasing their punishment for *future* sex crimes that could transmit AIDS are consistent with the goal of preventing the spread of the disease." (4 Cal.4th at p. 89, italics in original.)

## II

Appellant contends that the Legislature intended only the five offenses specifically enumerated in Penal Code section 1202.1, subdivision (e) to form the basis for a court-ordered AIDS test. Appellant suggests that section 264.1 differs substantially from the five listed offenses because it can be violated without personal participation in a sexual act, by aiding and abetting another to commit a rape or penetration. Because he pled to a violation of section 264.1, and not a listed offense, he believes he should not have been required to undergo an AIDS test.

This argument has no merit here. By pleading "no contest" to the violation of Penal Code section 264.1 set forth in count 1 of the information, appellant brought himself squarely within the parameters of section 1202.1. Section 264.1 governs the situation where defendant, while acting in concert with another, commits a rape or penetration by a foreign object either "personally" or "by aiding and abetting the other person." Here the count to which appellant pled charged him with rape in concert by committing a violation of section 261 both by "aiding and abetting" codefendant Ricardo Frausto *and* "personally." By admitting to the charges of count 1 of the information, appellant conceded he personally raped the victim in violation of section 261, a listed offense.

In his reply brief, appellant contends that if count 1 is read as charging both personal involvement in, and aiding and abetting the rape, it violates the rule against charging multiple offenses in a single count. This is incorrect. " '[W]hen a statute enumerates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each may, by itself, constitute the offense, all of them together do no more, and likewise

constitute but one and the same offense. . . .'" (*People* v. *McClennegen* (1925) 195 Cal. 445, 452 [234 P. 91], citation omitted; accord, *Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71, 83 [127 Cal.Rptr. 317, 545 P.2d 229]; *People* v. *Hardeman* (1966) 244 Cal.App.2d 1, 19 [53 Cal.Rptr. 168]; *People* v. *Bowman* (1958) 156 Cal.App.2d 784, 794 [320 P.2d 70].) Appellant was charged with but one offense in the count to which he pled: rape in concert in violation of Penal Code section 264.1. The prosecution's decision to charge that the single offense was committed in more than one way was not improper.

The case relied on by appellant, *People* v. *Jillie* (1992) 8 Cal.App.4th 960 [11 Cal.Rptr.2d 107], is not controlling. In *People* v. *Jillie*, the defendant handed a note to the victim in a video store threatening to harm her or her friend if she did not submit to certain sexual acts. He was immediately apprehended and convicted of attempt to commit rape. The appellate court reversed the order requiring him to undergo AIDS testing, noting that all of the offenses within the scope of section 1202.1 "are completed offenses." (8 Cal.App.4th at p. 963.) That court also held that Penal Code section 1202.1 "is clear and unambiguous," rejecting an argument that the Legislature intended to include unlisted offenses. (8 Cal.App.4th at p. 963.) We need not reach that question here as appellant's plea admitted to committing rape in violation of Penal Code section 261, a listed offense.

The court's order requiring appellant to submit to a blood test for the presence of AIDS is affirmed.

Vogel (C. S.), J., and Hastings, J., concurred.