Filed 5/31/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FRANKLIN LEE,<br><br>     Defendant and Appellant. | A146214<br><br>(Sonoma County<br>Super. Ct. No. SCR647876) |

At issue in this case is the availability of restitution for noneconomic losses to certain victims of child sex abuse, under a prior version of Penal Code section 1202.4, subdivision (f)(3)(F) that was effective until December 31, 2017.[1]

Although an award of restitution to crime victims ordinarily must be limited to economic losses, former section 1202.4, subdivision (f)(3)(F) required an award of restitution for noneconomic losses "for felony violations of Section 288." (Stats. 2012, ch. 873, § 1.) Section 288 criminalizes lewd and lascivious conduct toward children under the age of 14 and, in some instances, under the age of 16. (See § 288, subds. (a), (c)(1).)

In this case, defendant Franklin Lee pled no contest to multiple felony counts stemming from his sexual exploitation of a minor over a period of many years. There was no separate count alleging a violation of section 288. There was, however, a charge he engaged in continuous sexual abuse of a child in violation of Penal Code section 288.5. That statute makes it a felony for certain persons, over a period of at least three months, to engage in three or more acts of lewd and lascivious conduct prohibited

---

[1] Unless otherwise noted all further statutory references are to the Penal Code.

1

by section 288 with a child under the age of 14, or three or more acts of substantial sexual conduct. (§ 288.5, subd. (a); see also § 1203.066, subd. (b) [defining "substantial sexual conduct"].) Following defendant's no contest plea, the trial court awarded his victim restitution in the amount of $750,000 for noneconomic damages.

Defendant now challenges the restitution award, contending that former section 1202.4, subdivision (f)(3)(F) does not apply because he was not convicted under section 288. We disagree, and we affirm the restitution award.

## BACKGROUND

In April 2014, defendant was charged with seven felony counts alleging sexual offenses against his victim, John Doe, over a four-year period. The continuous sexual abuse charge, count I, alleged that over the course of a two-year period beginning when his victim was nearly 12, defendant violated section 288.5 by engaging in "three and more acts of 'substantial sexual conduct,' as defined in Penal Code Section 1203.066[, subdivision] (b), *and* three and more lewd and lascivious acts, as defined in Penal Code Section 288." (Italics added.) In addition, defendant was charged with two counts of oral copulation with a minor under the age of 16, over the course of a two-year period beginning when his victim was nearly age 14 (counts II and III) (§ 288a, subd. (b)(2)); two counts of sodomy with a minor under the age of 16, during the same two-year period (§ 286, subd. (b)(2)) (counts IV and V); one count of using a minor to engage in prohibited sexual acts (oral copulation and sodomy) in connection with the production of obscene matter, during a four-year period beginning when his victim was nearly 12 years old (§§ 311.4, subd. (a), 311.2) (count VI); and one count of possessing child pornography (§ 311.11, subd. (a)) (count VII). He was not charged with a separate count alleging a violation of section 288.

Shortly thereafter, defendant entered a no contest plea to all of the charges except the production of obscene matter and child pornography charges (counts VI and VII) which were dismissed, with defense counsel stipulating to a factual basis for the plea. He was sentenced to state prison for 14 years.

2

Thereafter, the People sought $768,000 in direct restitution, payable to the victim who was represented by private counsel and participated in the restitution proceedings. The victim's counsel characterized the request as seeking only noneconomic damages, resulting from the psychological impact of defendant's abuse, which was documented in a lengthy court filing. Defense counsel's sole objection was to the amount of noneconomic damages sought, not their propriety. Following a contested hearing, on September 4, 2015, the court awarded $750,000 in restitution.

This timely appeal followed.

## DISCUSSION

At the time the restitution award in this case was made, section 1202.4, subdivision (f)(3)(F) authorized an award of restitution for "[n]onecomic losses, including, but not limited to, psychological harm, *for felony violations of Section 288.*" (Stats. 2012, ch. 873, § 1, italics added.) Defendant argues the trial court lacked statutory authority to award noneconomic damages under this provision because his no contest plea did not establish a violation of section 288. We review this statutory interpretation question de novo.[2] (See *People v. McCarthy* (2016) 244 Cal.App.4th 1096, 1104–1105 (*McCarthy*).)

---

[2] This purely legal issue has not been forfeited despite the lack of an objection below. "Factual issues may be subject to the waiver rule, but an objection may be raised for the first time on appeal where it concerns an 'unauthorized' sentence, i.e., one that 'could not lawfully be imposed under any circumstance in the particular case.'" (*People v. Percelle* (2005) 126 Cal.App.4th 164, 179.) "Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The contention a trial court imposed a restitution order in excess of its statutory authority presents a "purely legal issue that is not subject to the waiver rule." (*Percelle*, at p. 179; accord, *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095; see also *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1533–1534.) "[C]laims deemed waived on appeal involve sentences which, *though otherwise permitted by law*, were imposed in a procedurally or factually flawed manner," such as a challenge to the manner in which the trial court exercises its sentencing discretion or articulates its supporting reasons. (*Scott*, at pp. 354, 356, italics added.)

3

Before turning to the statute's scope, however, we first address the legal significance of defendant's no contest plea.  His plea was the equivalent of a plea of guilty.  (See § 1016.)  But guilty of exactly what?  As noted, section 288.5 defines continual sexual abuse of a child in two ways.  The statute may be violated by "[a]ny person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration" either "engages in three of more acts of substantial sexual conduct with a child under the age of 14 at the time of the commission of the offense as defined in subdivision (b) of Section 1203.066,[3] *or* three or more acts of lewd or lascivious conduct, as defined in Section 288[4]" with such a child.  (§ 288.5, subd. (a), italics added.)  Defendant argues "the record fails to show [his] conduct in violating section 288.5 also constituted a violation of section 288," claiming he admitted only "an allegation of substantial sexual conduct," and his plea "cannot be construed as an admission that his underlying conduct also constituted a violation of section 288."  We do not agree.  Although section 288.5 can be violated in either of two ways, in this case defendant was charged, in a single count, with violating it both ways:  the complaint alleged he engaged in three or more acts of substantial sexual conduct "and" three or more lewd and lascivious acts, as defined by section 288.  Therefore, by pleading no contest to that single count, as a matter of law he admitted not only the substantial sexual conduct allegations but also a

---

**3**  That provision defines "substantial sexual conduct" as "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender."  (§ 1203.66, subd. (b).)

**4**  The distinctive feature of lewd and lascivious conduct under section 288 is its intent requirement.  The statute applies to "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ."  (§ 288, subd. (a).)

4

violation of section 288.[5]  (See *People v. Frausto* (1995) 36 Cal.App.4th 712, 715 [statute requiring mandatory AIDS testing for persons convicted of rape held applicable to defendant who pled no contest to single count of rape while acting in concert; because count alleged defendant both aided and abetted rape by third person and personally raped victim, "by admitting the charges of Count 1 . . . [defendant] conceded he personally raped the victim in violation of section 261, a listed offense"].)

Thus, the narrow question we face is whether restitution for noneconomic damages is available under former section 1202.4, subdivision (f)(3)(F), when a defendant has been convicted not under section 288, but for continuous sexual abuse under section 288.5 for lewd and lascivious conduct that violates section 288.  Two decisions have addressed this issue and both held that it is.  (See *McCarthy*, *supra*, 244 Cal.App.4th 1096; *People v. Martinez* (2017) 8 Cal.App.5th 298 (*Martinez*).)  Defendant urges us to part ways with *McCarthy* (and does not discuss *Martinez*), but we agree with their analyses, which are thorough, well-reasoned and unnecessary to repeat.

Defendant urges us instead to follow *People v. Valenti* (2016) 243 Cal.App.4th 1140 (*Valenti*), which did not address this issue.  *Valenti* held that restitution for noneconomic losses under former section 1202.4, subdivision (f)(3)(F) was unavailable to the victims of a defendant charged and convicted of continuous sexual abuse under section 288.5 for *engaging in substantial sexual conduct* with a child younger than 14.  (See *Valenti*, at pp. 1151, 1181–1182.)  The section 288.5 charges in that case did not allege, nor were they argued to involve, violations of section 288.  (See *McCarthy*, *supra*, 244 Cal.App.4th at pp. 1110–1111 [distinguishing *Valenti*].)  The prosecution conceded the legal issue, and *Valenti* reasoned principally that restitution was not available under the statute's plain language because the defendant was neither charged with nor convicted of violating section 288.  (See *Valenti*, at p. 1181.)  We acknowledge the opinion contains some broad language that lends support for

---

[5]  Our conclusion makes it unnecessary to address the People's contention that the contents of the probation report also demonstrate a violation of section 288.

defendant's position, superficially.  (See, e.g., *id.* at p. 1180 ["section 1202.4, subdivision (f)(3)(F) does not authorize noneconomic damage awards to the section 288.5 victims"]; *id.* at p. 1181 ["victims of continuous sexual abuse are ineligible for noneconomic restitution under this provision"].)  However, " 'It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court.  An opinion is not authority for propositions not considered.' " (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680; accord, *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620.)  *Valenti* neither addressed nor decided the narrow question we face here, which was squarely and correctly decided by *McCarthy* and *Martinez.*

Ordinarily, we would stop there.  But the wrinkle is that while this appeal was pending the Legislature amended section 1202.4 through the passage of Senate Bill No. 756 (2017–2018 Reg. Sess.) (hereafter Senate Bill No. 756), to expressly list section 288.5 as an offense eligible for a restitution award of noneconomic damages. (Stats. 2017, ch. 101, § 1, eff. Jan. 1, 2018.)  Effective as of January 1, 2018, section 1202.4 subdivision (f)(3)(F) now authorizes an award of "[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, *288.5 or 288.7.*"[6]  (Italics added.)  The parties have filed supplemental briefs concerning this amendment, principally addressing whether the Legislature sought merely to clarify existing law or to change it.  Defendant contends that the passage of Senate Bill No. 756 reflects that restitution for noneconomic losses for victims of continuous sexual abuse of a child in violation of section 288.5 was previously not authorized.  We disagree, at least where, as here, the defendant violated section 288 as the predicate acts for the section 288.5 violation.

Although a legislative declaration of an existing statute's meaning is neither binding nor conclusive, because ultimately the task of statutory interpretation is a judicial function, the Legislature's views are entitled to consideration "and we cannot disregard

---

[6] Section 288.7 makes it a felony for an adult to engage in sexual intercourse, sodomy, oral copulation, or sexual penetration with a child under the age of 10.

them." (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244.) " '[A] subsequent expression of the Legislature as to the intent of the prior statute, although not binding on the court, may properly be used in determining the effect of a prior act.' " (*Ibid*.; accord, *Carter v. California Department of Veterans Affairs* (2006) 38 Cal.4th 914, 922.) Material changes in a statute's language "may simply indicate an effort to clarify the statute's true meaning," such as " 'when the Legislature promptly reacts to the emergence of a novel question of statutory interpretation.' " (*Carter*, at p. 923.) " ' " 'If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act,' " ' " and not as a change in the law. (*Ibid*.)

We conclude that such is the case here. Senate Bill No. 756 was introduced on February 17, 2017. (See 27 Sen. Daily J. (2017–2018 Reg. Sess.) (Feb. 17, 2017), p. 236.) This was barely a year after the decision in *McCarthy*, in which our colleagues in Division Five discussed and distinguished *Valenti*. (See *McCarthy*, *supra*, 244 Cal.App.4th at pp. 1110–1111.) And it was only nine days after the decision in *Martinez*, in which the Fourth District described the two prior opinions as having "recently considered and reached differing conclusions on whether section 1202.4[, subd.] (f)(3)(F) applies to convictions under section 288.5" and sided with *McCarthy*. (See *Martinez*, *supra*, 8 Cal.App.5th at pp. 304–306.)

The People cite a number of legislative materials that reflect the Legislature's intent to clarify the statute's meaning in response to these decisions.[7] A report of the Senate Committee on Public Safety discussed the state of existing law, noting that "[t]he meaning of the term 'felony violations of Penal Code section 288' is a question of statutory interpretation." (Sen. Com. on Public Safety, Rep. on Sen. Bill. No. 756 (2017–2018 Reg. Sess.), p. 3.) It surveyed *Valenti*, *McCarthy* and *Martinez* and concluded as follows: "Because there is a split of authority in the appellate courts, there is some

---

[7] We previously granted the People's request for judicial notice of all of the committee reports cited by the parties.

7

support for the conclusion that the existing provision authorizing noneconomic restitution *is ambiguous and should be clarified in order to avoid further litigation.*" (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 756 (2017–2018 Reg. Sess.), pp. 3–4, italics added.) It stated the bill would amend section 1202.4, subdivision (f)(3)(F) "to *specifically* include felony violations of Penal code section 288.5 and 288.7." (*Id*. at p. 4, italics added.) The report also noted opposition by the California Public Defenders Association, which characterized *Valenti* as an outlier and maintained the amendment "is redundant and, therefore, not needed," because "[c]ase law has already extended psychological harm restitution to continuous child abuse, Penal Code section 288.5." (*Ibid*.)

A report by the Senate Committee on Appropriations contains similar comments about the statute's ambiguity. It states: "The meaning of the term 'felony violations of Penal Code section 288' is a question of statutory interpretation that various courts of appeal have applied differently. Some have allowed for the inclusion of noneconomic losses in the restitution order for victims of continuous sexual child abuse (see *People v. McCarthy* (2016) 244 Cal.App.4th 1096), while others have not (see *People v. Valenti* (2016) 244 Cal.App.4th 1140). This bill would *explicitly* allow in statute [*sic*] for the inclusion of noneconomic losses in the restitution order for victims of continuous sexual child abuse or sexual acts with a child under 11 years of age." (Sen. Com. on Appropriations, Rep. on Sen. Bill No. 756 (2017–2018 Reg. Sess.), p. 2, italics added.) A report by the Assembly Committee on Public Safety surveyed the case law too, and in nearly identical terms said the amendment would "specifically include" violations of section 288.5 and 288.7 in the statute's text. (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 756 (2017–2018 Reg. Sess.), p. 4.)

Defendant concedes the amendment was enacted "in direct response to" the case law but contends it did "much more" than clarify existing law. Citing a portion of the Legislative Counsel's Digest, defendant argues the amendment also expanded the scope of coverage for noneconomic losses to include other forms of child sexual abuse. The Legislative Counsel's Digest is ambiguous and inconclusive, however. It merely describes existing law as requiring restitution for "noneconomic losses for psychological

8

harm stemming from *felony incidents of lewd and lascivious acts with a minor, as defined*," and states the amendment would "*include* in the required restitution order amount noneconomic losses for psychological harm stemming from felony incidents of repeated or recurring incidents of sexual abuse of a child under 14 years of age or from felony incidents of sexual contact with a child under 10 years of age." (Legis. Counsel's Dig., Sen. Bill. No. 756, Stats. 2017, ch. 101 (2017–2018 Reg. Sess.), italics added.) These comments do not indicate one way or the other whether "includ[ing]" such offenses in the statute reflects an expansion of existing law.

Defendant also cites an analysis by the Senate Rules Committee, which states the amendment "*adds* the crimes of continuous sexual abuse of a child and sexual acts with a child 10 years of age or younger *to the statute* authorizing noneconomic restitution for lewd and lascivious acts against a child under the age of 14." (Sen. Rules. Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill. No. 756 (2017–2018 Reg. Sess.), as introduced Feb. 17, 2017, p.1, italics added.) But this comment sheds no light on the Legislature's intent either. There is no question the amendment "added" offenses "to the statute." The question is whether in doing so, the Legislature's purpose was to expand the statute's scope with respect to lewd and lascivious conduct that violates section 288 but is not charged as a section 288 offense, or merely put to rest all debate about the meaning of the Legislature's original choice of words.

We express no view as to whether Senate Bill No. 756 merely clarified existing law or effectuated a change in the law in other ways, such as with respect to the offense of continuous child sexual abuse by means of engaging in substantial sexual conduct with a child younger than 14 (i.e., the *Valenti* scenario) (see § 288.5), or the sexual offenses listed in section 288.7 concerning children under the age of 10. Those issues are not before us. (See, e.g., *Western Security Bank v. Security Bank*, *supra*, 15 Cal.4th at p. 247, fn. 6.) We address solely that aspect of the amendment that embraces continuous child sexual abuse under section 288.5 by means of lewd and lascivious conduct.

We conclude that the passage of Senate Bill No. 756 did not change the law by providing noneconomic restitution to previously ineligible victims of that child sex

9

offense.  The parties have cited nothing in the legislative history indicating the Legislature sought to enlarge or expand or change existing law at all, much less in that narrow regard.  And while the legislative history is not conclusive, on the whole it indicates the Legislature intended merely to clarify the statutory language after a conflict arose in the case law about its meaning.

Because the amendment merely clarifies existing law it " 'has no retrospective effect because the true meaning of the statute remains the same.' "  (*Carter v. California Department of Veterans Affairs*, *supra*, 38 Cal.4th at p. 930; see also *Bowen v. Board of Retirement* (1986) 42 Cal.3d 572, 575, fn. 3.)  Therefore it is unnecessary to address retroactivity issues and defendant's related concerns about the prohibition against ex post facto laws.

**DISPOSITION**

The restitution award is affirmed.

_____
STEWART, J.

We concur.


_____
KLINE, P.J.


_____
RICHMAN, J.


*People v. Lee* (A146214)

11

Trial Court:    Sonoma County Superior Court

Trial Judge:    Hon. Robert M. LaForge

Counsel:

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Patrick Morgan Ford for California Appellate Defense Counsel, Stephen K. Dunkle and John T. Philipsborn for California Attorneys for Criminal Justice as Amici Curiae on behalf of Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Supervising Deputy Attorneys General, Gregg E. Zywicke, Deputy Attorney General, for Plaintiff and Respondent.

Li & Lozada Law Group, Michael C. Li for Victim C.R.