Filed 2/11/21  P. v. Greer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C087836 |
| v. | (Super. Ct. No. 18FE002825) |
| ANTHONY RAYSHAWN GREER, | |
| Defendant and Appellant. | |

After a jury found defendant Anthony Rayshawn Greer guilty of one felony and two misdemeanors, the trial court sentenced defendant to eight years in prison, including two consecutive one-year terms for two prior prison enhancements.  On appeal, defendant contends (1) the prior prison term enhancements should be vacated based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.), and (2) the abstract of judgment erroneously ordered AIDS testing of defendant under Penal Code section 1202.1.[1]  The People agree with both contentions, and we do too.  We will strike

_____

[1]  Undesignated statutory references are to the Penal Code.

1

the prior prison term enhancements, remand the case for resentencing, and direct the trial court to correct the abstract of judgment.

## BACKGROUND

The facts underlying defendant's conviction are not relevant to this appeal. It suffices to say that a jury found defendant guilty of willfully fleeing a pursuing peace officer with reckless driving (Veh. Code, § 2800.2, subd. (a)), resisting a peace officer (§ 148, subd. (a)(1)), and unlawful possession of drug paraphernalia (Health & Saf. Code, § 11364).

At sentencing, defendant admitted, and the trial court found true, that defendant had prior convictions for second degree robbery (§ 211) in two separate cases. The trial court further found that each of those convictions constituted a prior strike (§§ 667, subds. (b)-(i), 1170.12) and that defendant had two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to a total of eight years in state prison, consisting of the upper term of three years for fleeing a pursuing peace officer (count 1), doubled to six years for the prior strike, plus one year concurrent for resisting a peace officer (count 2), and six months concurrent for possession of drug paraphernalia (count 3). The trial court also imposed two one-year prior prison term enhancements to run consecutively to each other and to count 1.

## DISCUSSION

### I

Defendant contends the two one-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b) must be stricken pursuant to the amendment to section 667.5, subdivision (b) by Senate Bill No. 136, effective January 1, 2020. The People agree.

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill No.136 amends section 667.5, subdivision (b) to eliminate the one-year prior prison term enhancement for most prior convictions. (Stats. 2019, ch. 590, § 1.) An exception,

2

not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because defendant's judgment is not yet final, we agree with the parties that the amended law applies to him retroactively.  (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when statute takes effect].)  Accordingly, defendant's section 667.5, subdivision (b) enhancements must be stricken.

Because the trial court imposed concurrent sentences for the two misdemeanors, resisting a peace officer and possession of drug paraphernalia, it is appropriate to remand this matter for resentencing to allow the trial court to revisit its sentencing choices in light of the changed circumstances.  (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [remanding for resentencing following striking of enhancements in light of Senate Bill No. 136]; *People v. Downey* (2000) 82 Cal.App.4th 899, 912-913 [§ 669, which grants courts discretion to impose concurrent or consecutive sentences, applies to mixed felony/misdemeanor sentences].)

## II

Defendant further asserts that the abstract of judgment was erroneously marked to indicate that the trial court ordered defendant to submit to AIDS testing under section 1202.1.  Defendant was not convicted of an offense for which an AIDS testing order is authorized under section 1202 .1, and the judge made no such order.  (See § 1202.1, subds. (a), (e); *People v. Jillie* (1992) 8 Cal.App.4th 960, 962-963.)  Accordingly, the abstract of judgment must be corrected.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The two prior prison term enhancements are stricken, and the matter is remanded to the trial court for resentencing.  In all other respects, the judgment is affirmed.  The trial court is further directed to correct the abstract of judgment to omit the order

3

requiring defendant to submit to AIDS testing.  The trial court shall send a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                        _____/S/_____

                                        MAURO, J.


We concur:


_____/S/_____
RAYE, P. J.


_____/S/_____
DUARTE, J.


4