Filed 5/2/22  P. v. Tellez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059713 |
| v. | (Super. Ct. No. 17CF2601) |
| RUBEN RAMIREZ TELLEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed in part and reversed in part.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Eric A. Swenson, and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Ruben Ramirez Tellez appeals from the judgment after a jury convicted him of assault with the intent to commit a sexual offense (Pen. Code, § 220, subd. (a)(1); count 1),[1] assault with a deadly weapon (§ 245, subd. (a)(1); count 2); and false imprisonment by violence (§§ 236, 237, subd. (a); count 3).  The jury also found Tellez used a deadly weapon in the commission of the offenses in counts 1 and 3.  (§§ 12022.3, subd. (a), 12022, subd. (b)(1).)  The trial court imposed a total prison sentence of 16 years, which included upper terms on count 1 and its attending deadly weapon enhancement.

Tellez raises two sentencing issues on appeal.  First, he contends the trial court abused its discretion by relying on improper aggravating factors to impose upper terms on the assault conviction in count 1 and its deadly weapon enhancement.  While this appeal was pending, Senate Bill No. 567 (Reg. Sess. 2020-2021) (Stats. 2021, ch. 731) became effective.  It is an ameliorative change in the law that restricts the court's discretion to impose a sentence greater than the middle term of imprisonment.  (Stats. 2021, ch. 731, § 1.)  The parties agree Senate Bill No. 567's provisions apply retroactively to this case.  Tellez argues the matter must be remanded so the trial court can resentence him consistent with the changes made by Senate Bill No. 567.  The Attorney General disagrees, asserting remand is unnecessary because any error is harmless.  We agree with Tellez.  We vacate the sentence and remand the matter for further proceedings consistent with Senate Bill No. 567.

Second, Tellez argues the trial court's order for testing under section 1202.1 must be stricken because he was not convicted of a qualifying offense.  The Attorney General concedes this issue, and we accept the concession.  Accordingly, we vacate the order for testing under section 1202.1.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

FACTS[2]

Tellez noticed a homeless woman outside a restaurant in Orange. He offered to let her take a shower in his nearby motel room, and she accepted. After showering and getting dressed, the woman exited the bathroom to find Tellez lying on the bed wearing only a T-shirt and boxer shorts. When she indicated she wanted to leave, Tellez became angry and stood by the door, impeding her ability to get out of the motel room. While she was sitting on the bed's edge, Tellez walked up behind her and hit her in the back of the head with a metal flashlight. Everything went blurry for a second, but she managed to stand up. Tellez grabbed her in a bear hug, trying to get her back on the bed. He picked up a three-inch knife. After a brief struggle, the woman managed to escape, ran down the street, and called the police. When the paramedics were treating her, she realized she had been stabbed in the stomach.

DISCUSSION

I. *Senate Bill No. 567*

At the time Tellez was sentenced, the trial court had broad discretion under section 1170, subdivision (b), to decide which of the tripartite terms of imprisonment to impose for an offense or enhancement. (See § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14; *People v. Sandoval* (2007) 41 Cal.4th 825, 843, 846-847 (*Sandoval*).) Exercising its discretion, the trial court imposed upper terms on Tellez's conviction for assault with intent to commit a sexual offense (six years) and the deadly weapon enhancement attached to this count (10 years), based on its finding the aggravating circumstances outweighed the mitigating circumstances. The court found three aggravating circumstances related to the crime: (1) "The crime involved great violence, disclosing a high degree of cruelty, viciousness or callousness in that [Tellez] struck the victim on the head with a metal flashlight and stabbed her in the abdomen with a knife"

---

[2] Due to the issues presented on appeal, a truncated version of the facts suffices.

(Cal. Rules of Court, rule 4.421(a)(1)); (2) Tellez "was armed with and did use a weapon, a knife, at the time of the commission of this crime" (*id.*, 4.421(a)(2)); and (3) "[T]he victim was particularly vulnerable in that she was homeless and [Tellez] took advantage of this by offering her a place to shower in order to lure her into his motel room" (*id.*, 4.421(a)(3)).

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), in a number of respects. Now, a trial court cannot impose a sentence exceeding the middle term unless (1) "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial . . ." (§ 1170, subd. (b)(2)), or (2) the defendant has suffered prior convictions as found by the court based on certified records (*id.*, subd. (b)(3)). The amendments to section 1170, subdivision (b), also provide for a bifurcated trial on the aggravating circumstances if requested by the defense. (*Id.*, subd. (b)(2).)

We agree with the parties that Senate Bill No. 567's amendments apply retroactively to Tellez's case because the judgment is not yet final. The legislation reduces the presumptive punishment, and it is well established an ameliorative change in criminal statutes applies retroactively to all nonfinal judgments absent an indication of contrary legislative intent. (*People v. Esquivel* (2021) 11 Cal.5th 671, 674-675; *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

Based on the amendments to section 1170, subdivision (b), Tellez argues his sentence must be vacated and the matter remanded for further proceedings because only one of the aggravating circumstances relied on by the court was found true by the jury—use of a deadly weapon—and it cannot be used to impose an upper term on his conviction because it was also the basis for the deadly weapon enhancement. The Attorney General argues remand is unnecessary because any error in imposing the upper

4

term on count 1 and its deadly weapon enhancement was harmless beyond a reasonable doubt.

The Attorney General asserts this situation is comparable to "*Cunningham* error." In *Cunningham v. California* (2007) 549 U.S. 270, the United States Supreme Court held a prior version of section 1170, subdivision (b), was unconstitutional because it gave authority to a sentencing court, rather than the jury, to find facts that exposed a defendant to an upper term sentence. (*Cunningham, supra*, 549 U.S. at pp. 274, 277.) After *Cunningham*, the California Supreme Court concluded imposition of an upper term sentence in violation of a defendant's right to a jury trial on aggravating circumstances was subject to harmless error review under *Chapman v. California* (1967) 386 U.S. 18. (*Sandoval, supra*, 41 Cal.4th at p. 838.) Under this standard, "[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless." (*Id.* at p. 839.)

Here, the issue is whether the jury unquestionably would have found true two aggravating circumstances beyond a reasonable doubt for the court to impose upper terms for the assault conviction in count 1 and its deadly weapon enhancement. The Attorney General asserts remand is unnecessary in this case because it can be concluded beyond a reasonable doubt the jury wound have found (1) Tellez used two deadly weapons during the attack, and (2) the "victim was 'particularly vulnerable'" because Tellez isolated her by luring her to his motel room. We disagree.

In *Sandoval*, our Supreme Court cautioned, "a reviewing court cannot always be confident that the factual record would have been the same had aggravating circumstances been charged and tried to the jury. [¶] Additionally, to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with

5

confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Sandoval, supra*, 41 Cal.4th at p. 840.)

Whether the victim was particularly vulnerable, one of the aggravating circumstances relied upon by the trial court and the Attorney General, is a vague or subjective standard. The Supreme Court has advised the "determination as to whether '[t]he victim was *particularly* vulnerable,'" requires "an imprecise quantitative or comparative evaluation of the facts." (*Sandoval, supra*, 41 Cal.4th at p. 840.) In *Sandoval*, the Supreme Court rejected the Attorney General's contention the jury's failure to find an aggravating circumstance based on the victim's particular vulnerability was harmless beyond a reasonable doubt, noting the record did not provide "a clear-cut instance of victim vulnerability . . . as might be the case if, for example, the victims had been elderly, very young, or disabled, or otherwise obviously and indisputably vulnerable." (*Id.* at p. 842.)

Here, we similarly conclude the record provides reasonable doubt as to whether the jury would have found the victim was "particularly vulnerable." The probation officer, who was familiar with the facts, reached an opinion different from the sentencing court. The probation officer opined the victim was not considered any more or less vulnerable when compared with victims of similar crimes (Cal. Rules of Court, rule 4.414(a)), and the probation officer did not suggest "[t]he victim was particularly vulnerable" as an aggravating circumstance (*id.,* rule 4.421(a)(3)). Although Tellez isolated the victim in his motel room, she was not elderly, very young, or disabled, or otherwise indisputably vulnerable. Whether the crime involved "great violence" or "great bodily harm" (*id.*, rule 4.421(a)(1)) was also a subjective standard Tellez did not have the incentive to contest at the time of his sentencing hearing. (See *Sandoval, supra*, 41 Cal.4th at p. 839 [incentive and opportunity to contest aggravating circumstances mentioned in probation report not necessarily the same as if they had been tried to jury].)

6

We cannot conclude beyond a reasonable doubt the jury unquestionably would have found true two of the aggravating circumstances here. Thus, we vacate Tellez's sentence and remand for further proceedings. Before resentencing, the trial court must give the prosecution an opportunity to elect whether to accept resentencing on the current record or seek upper term sentences in compliance with newly amended section 1170, subdivision (b). Either way, the court shall conduct a "'full resentencing'" on remand (*People v. Buycks* (2018) 5 Cal.5th 857, 893), including applying the terms of other applicable ameliorative legislation that became effective January 1, 2022. We express no view as to how the trial court should exercise its discretion.

II. *Testing Order Under Section 1202.1*

Tellez asserts, and the Attorney General concedes, the trial court erred by ordering him to undergo acquired immune deficiency syndrome (AIDS) testing under section 1202.1. We agree.

There is a general statutory proscription against involuntary AIDS testing. (Health & Saf. Code, § 120990, subds. (a), (c); *People v. Butler* (2003) 31 Cal.4th 1119, 1125.) However, a trial court must order AIDS testing for anyone convicted of a sex offense as defined by section 1202.1, subdivision (e) (*id.*, subd. (a)), and may order it in various other circumstances (*id.*, subd. (e)(5)). But Tellez was not convicted of any of the qualifying offenses listed in the statute, and none of the other circumstances apply. Therefore, the trial court did not have the authority to order him to submit to testing under section 1202.1. (*People v. Jillie* (1992) 8 Cal.App.4th 960, 962-963.) We vacate the AIDS testing order and direct the trial court on remand for resentencing to issue a new minute order and amended abstract of judgment deleting the order requiring AIDS testing under section 1202.1.

DISPOSITION

Tellez's sentence is vacated, and the matter is remanded for further proceedings consistent with this opinion. The prosecution shall have an opportunity to

7

elect whether to proceed with proving the circumstances in aggravation under newly amended section 1170, subdivision (b), or accept resentencing on the current record. At resentencing, the trial court is directed to apply all applicable, newly enacted ameliorative legislation. Upon resentencing, the trial court is directed to issue a new minute order and amended abstract of judgment excising the order requiring AIDS testing under section 1202.1. In all other respects, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.