[No. F017490. Fifth Dist. Nov. 17, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LESTER CROWLES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and parts I and II.

## COUNSEL

Jay E. Goodman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—Appellant William Lester Crowles was convicted by a jury on one count of violating Penal Code section 664/Health and Safety Code[1] section 11350, subdivision (a), attempted possession of cocaine. At the sentencing hearing the trial court suspended sentence and placed appellant on three years' probation. One of the conditions of probation was that appellant spend one year in county jail and that he register as a narcotics offender pursuant to section 11590.

On appeal Crowles claims the trial court erred in admitting certain evidence and in giving certain jury instructions. He also argues the order requiring his registration as a drug offender was error.

We will affirm.

---

[1]Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Health and Safety Code Section 11590*

The trial court ordered, as one of the conditions of appellant's probation, that appellant register as a narcotics offender pursuant to section 11590. The statute reads in part as follows: "(a) Except as provided in subdivisions (c) and (d), any person who is convicted in the State of California of any offense defined in Section 11350, 11351, 11351.5, 11352, 11353, 11353.5, 11353.7, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11366.5, 11366.6, 11368, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11383, or 11550, or subdivision (a) of Section 11377, or any person who is discharged or paroled from a penal institution where he or she was confined because of the commission of any such offense, or any person who is convicted in any other state of any offense which, if committed or attempted in this state, would have been punishable as one or more of the above-mentioned offenses, shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area."

■ Appellant contends his offense, *attempted* possession, is not one of the enumerated offenses in the statute and therefore it was error for the trial court to order registration as a condition of probation.

In *People* v. *Brun* (1989) 212 Cal.App.3d 951 [260 Cal.Rptr. 850], the Third Appellate District held it improper to require a defendant convicted of violating section 11378 (possession for sale) to register as a narcotics offender under section 11590. The court reasoned the Legislature had specifically enumerated all of the offenses it deemed appropriate to invoke the registration requirement of the statute and its failure to include section 11378 precluded the statute's application. (*Brun, supra*, 212 Cal.App.3d at p. 954.)[2]

---

*See footnote, *ante*, page 114.

[2]Shortly after *Brun* was decided, the Legislature amended section 11590 to bring within its ambit post-1989 convictions under section 11378 and several other sections. (Stats. 1989, ch. 1098, § 1, p. 3458.)

Appellant relies on *Brun* and another decision by the Third District, *People v. Jillie* (1992) 8 Cal.App.4th 960 [11 Cal.Rptr.2d 107], which refused to uphold an order requiring a defendant convicted of attempted oral copulation and attempted sodomy to undergo testing for acquired immune deficiency syndrome (AIDS) antibodies pursuant to Penal Code section 1202.1. Penal Code section 1202.1 also does not expressly include attempts in its list of offenses which invoke the testing requirement. The court in *Jillie* observed had the Legislature wanted to include attempts, it could have easily done so. (*Jillie, supra*, at p. 963.)

This case differs from both *Brun* and *Jillie*. While *Brun* dealt with section 11590, it involved conviction for a completed offense not listed in that statute rather than conviction for the attempted commission of a listed offense. *Jillie* involved conviction for the attempted commission of a listed offense, but it was construing Penal Code section 1202.1, not section 11590.[3]

Section 11590 does mention attempts. When addressing convictions in other jurisdictions, sister state or federal, the statute requires registration for those convicted of offenses which if "committed *or attempted*" in this state would constitute a violation of any of the enumerated offenses. (§ 11590, subds. (a) & (b).) As appellant points out, the literal wording of this provision does not encompass attempts to commit any of the listed offenses. Literally, the provision requires registration in California only if the attempt to commit the out-of-state offense would constitute one of the listed offenses.

The literal interpretation urged by appellant, however, seems to lead nowhere. We cannot envision any case in which the attempt to commit some out-of-state crime could, if occurring in California, amount to the commission of some completed drug offense here. By definition, an attempt is a direct but *ineffectual* act done towards the commission of a crime. (Pen. Code, §§ 21, subd. (a), 664.) How can an act which is ineffectual in completing the foreign jurisdiction crime be sufficient to constitute a completed crime in California? If there is such a possibility, it is not evident to

---

[3]The purpose of the AIDS testing requirement of Penal Code section 1202.1 is obviously to protect the victims of sexual offenses. The Legislature could reasonably have intentionally omitted convictions for *attempted* offenses from the requirement on the grounds the risk of transmission of the AIDS virus is not as great when the sexual act (rape, sodomy, or oral copulation) is uncompleted. Although the *Jillie* court did not base its decision on this ground, we believe the difference between the purpose of Penal Code section 1202.1 and that of the drug-offender registration requirement in section 11590 makes *Jillie* distinguishable.

us. Thus, if we adopt appellant's literal interpretation of the statute, we are concluding the Legislature's reference to attempts in section 11590 is itself ineffectual.

"The rule of strict interpretation of penal statutes does not apply in California. The provisions of the Penal Code '. . . are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice.' ([Pen. Code,] § 4.) This concept also applies to the penal provisions of other codes, including the Health and Safety Code. (*People* v. *Oviedo* (1951) 106 Cal.App.2d 690 [].)" (*People* v. *Squier* (1993) 15 Cal.App.4th 235, 241 [18 Cal.Rptr.2d 536].)

A fundamental rule of statutory construction is to interpret the statute consistent with the intent of the Legislature. (*Chong* v. *Fremont Indemnity Co.* (1988) 202 Cal.App.3d 1097, 1101 [249 Cal.Rptr. 264].)

Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter should, if possible, be read to conform to the spirit of the law. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].) Here it is clear the Legislature intended to require registration of persons convicted of any one in a broad span of felony drug offenses. The listed offenses requiring registration range from some which might result in imprisonment for as little as 16 months (e.g., §§ 11350, subd. (a), 11354, 11363) to some which might result in imprisonment for as long as 9 years (e.g., §§ 11352, 11353, 11353.5). In addition, the Legislature made an express, if somewhat awkward, reference to attempts.

If section 11590 is given the literal construction urged by appellant, not only does the reference to attempts have no practical meaning, but persons convicted of attempting a serious drug offense would not be required to register while those convicted of a completed, but less serious offense, must register. For example, someone convicted of attempting to sell certain controlled substances to a minor upon school grounds during school hours could receive an aggravated sentence of four and one-half years. (§ 11353.5; Pen. Code, § 664.) Such a person's culpability is certainly as great as that of someone convicted of simple possession, who might receive a mitigated term of only 16 months. (§ 11350, subd. (a).) And the public interest in requiring registration by the former is even clearer than in the case of the latter. (See *People* v. *Dillon* (1983) 34 Cal.3d 441, 453 [194 Cal.Rptr. 390, 668 P.2d 697] [In applying felony-murder rule ". . . no public purpose is served by drawing fine distinctions between those who have managed to satisfy some element of the offense and those who have not."].)

We conclude that the Legislature intended to include attempts within the scope of section 11590, and that a person convicted of attempting to commit one of the listed offenses is subject to the registration requirement. The lower court's order directing appellant to so register was not error.

## DISPOSITION

Judgment affirmed.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

A petition for a rehearing was denied December 13, 1993, and appellant's petition for review by the Supreme Court was denied February 2, 1994.