Filed 2/17/17

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE, | H042287 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1498805) |
| v. | |
| DANIEL SMITH, | |
| Defendant and Appellant. | |


Defendant Daniel Smith pleaded no contest to attempted possession of a controlled substance for sale (Pen. Code, § 664; Health & Saf. Code, § 11378).  The trial court placed him on probation for three years with numerous conditions and ordered him to register as a narcotics offender under Health and Safety Code section 11590.[1] Defendant contends that section 11590 does not permit a court to require narcotics offender registration where the conviction was for an attempted, rather than completed, violation of section 11378.  He also challenges as unreasonable, vague, and overbroad a probation condition requiring him to submit his cell phones and computer to search and to provide any passwords necessary to conduct such a search.  We hold that section 11590 applies to attempts and reject defendant's challenges to the probation condition.

---

[1]     Subsequent statutory references are to the Health and Safety Code unless otherwise specified.

## I. Background

Defendant and another man went to a drug dealer's home for the purpose of purchasing a quarter-pound of methamphetamine.[2] Defendant was carrying two cell phones, a large knife in a concealed sheath, another knife in a pocket, and $1,300 in cash. They were apprehended by law enforcement before they could enter the dealer's home. Defendant admitted that he had intended to use the $1,300 to purchase a quarter-pound of methamphetamine. He said that he was a methamphetamine user who was acting as a middleman for a third party. The third party was going to repay him and give him some money and methamphetamine for his help in obtaining the quarter-pound of methamphetamine. Defendant disclaimed ownership of one of the two cell phones seized from his person and did not provide a password or open that phone. He permitted law enforcement to search the other phone, and "messages consistent with drugs sales" were found on it.

Defendant was charged by felony complaint with attempted possession of a controlled substance for sale. He pleaded no contest after the court gave an indicated sentence of a grant of probation conditioned on "60 days county jail to be served on the Weekend Work Program." Defendant had no prior criminal record. The court suspended

---

[2] Defendant waived preliminary examination, and there was no probation report. The felony complaint states: "Further, attached and incorporated by reference are official reports and documents of a law enforcement agency which the complainant believes establish probable cause for the pretrial restraint of defendant DANIEL SMITH, for the above-listed crimes." However, no reports or documents are attached to the complaint that appears in the clerk's transcript on appeal.

At defendant's appellate counsel's request, the appellate record was augmented to include an "Investigation Report" that had been attached to the complaint in the trial court. During the plea colloquy, the court asked defendant's trial counsel if she would "stipulate to a factual basis for the plea that can be based on the police report in the court file." She did so. We rely on that report for the facts of defendant's offense.

imposition of sentence and placed defendant on probation. Over defendant's trial counsel's objection, the court, citing *People v. Crowles* (1993) 20 Cal.App.4th 114 (*Crowles*), ordered defendant to register as a narcotics offender under section 11590. One of the probation conditions imposed by the trial court was the following: "Submit your person, residence, and all property under your control to, and including cell phones and computers, to a search without the necessity of a warrant or probable cause whenever requested by any peace officer. That includes providing the passwords that [are necessary to] conduct the electronic searches." Defendant's trial counsel objected to the requirement that defendant "provid[e] a password," although she did not otherwise object to the condition. The court overruled the objection and noted that "[i]n this case they were using their cell phones to communicate with the dealer."

## II. Discussion

### A. Narcotics Registration

Defendant contends that section 11590 does not permit a court to require narcotics offender registration where the conviction was for an attempted, rather than completed, violation of section 11378.

Section 11590 provides: "(a) Except as provided in subdivisions (c) and (d), *any person who is convicted in the State of California of any offense defined in Section* 11350, 11351, 11351.5, 11352, 11353, 11353.5, 11353.7, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11366.5, 11366.6, 11368, *11378*, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11383, or 11550, or subdivision (a) of Section 11377, or any person who is discharged or paroled from a penal institution where he or she was confined because of the commission of any such offense, *or any person who is convicted in any other state of any offense which, if committed or attempted in this state, would have been punishable as one or more of the above-mentioned offenses*, shall within 30 days of his or her coming into any county or city, or city and county in which he or she

3

resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area." (§ 11590, subd. (a), italics added.)

Defendant points out that section 11590 does not explicitly state that it applies to an attempt to commit one of the listed offenses. He acknowledges that the Fifth District Court of Appeal held in *Crowles* that section 11590 applies to an attempt to commit any of the listed offenses, but he asserts that *Crowles* was "wrongly decided." We begin with an examination of the Fifth District's analysis in *Crowles* and then proceed to independently apply the rules of statutory construction to section 11590.

Crowles was convicted of attempted possession of cocaine and ordered to register under section 11590. (*Crowles*, *supra*, 20 Cal.App.4th at p. 115.) Possession of cocaine (§ 11350) is one of the offenses listed in section 11590. On appeal, Crowles contended that section 11590 did not authorize the court to order him to register because the statute did not include attempts. (*Crowles*, at p. 116.) The Fifth District first noted that section 11590 "does mention attempts." (*Crowles*, at p. 117.) "When addressing convictions in other jurisdictions, sister state or federal, the statute requires registration for those convicted of offenses which if 'committed *or attempted*' in this state would constitute a violation of any of the enumerated offenses. (§ 11590, subds. (a) & (b).) As appellant points out, the literal wording of this provision does not encompass attempts to commit any of the listed offenses. Literally, the provision requires registration in California only if the attempt to commit the out-of-state offense would constitute one of the listed offenses. [¶] The literal interpretation urged by appellant, however, seems to lead nowhere. We cannot envision any case in which the attempt to commit some out-of-state crime could, if occurring in California, amount to the commission of some completed drug offense here. By definition, an attempt is a direct but *ineffectual* act done towards the commission of a crime. (Pen. Code, §§ 21, subd. (a), 664.) How can an act which is ineffectual in completing the foreign jurisdiction crime be sufficient to constitute a

4

completed crime in California?[3]  If there is such a possibility, it is not evident to us. Thus, if we adopt appellant's literal interpretation of the statute, we are concluding the Legislature's reference to attempts in section 11590 is itself ineffectual." (*Crowles*, at pp. 117-118.)  The Fifth District rejected Crowles's proposed "literal interpretation" of section 11590.  "If section 11590 is given the literal construction urged by appellant, not only does the reference to attempts have no practical meaning, but persons convicted of attempting a serious drug offense would not be required to register while those convicted of a completed, but less serious offense, must register." (*Crowles*, at p. 118.)  The Fifth District found such a construction of the statute unreasonable and instead concluded attempts were covered by the statute because "the Legislature intended to include attempts within the scope of section 11590." (*Crowles*, at p. 119.)

"Statutory construction begins with the plain, commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' [Citation.]  'When the language of a statute is clear, we need go no further.' " (*People v. Manzo* (2012) 53 Cal.4th 880, 885 (*Manzo*).)  "When construing a statute, 'our

---

[3]  This sentence appears to be premised on a misreading of section 11590 in this regard.  The statute states that a person must register if he or she was convicted in another state of an offense "which, if committed or attempted in this state, would have been punishable as one or more of the above-mentioned offenses . . . ."  Taken literally, this language says that a person convicted of a completed offense in another state must register in California if an attempt to commit that completed offense would have constituted one of the completed offenses listed in section 11590.  Just two of the offenses listed in section 11590 when it was enacted in 1972 cover attempts.  (§§ 11352 [transportation or attempted transportation of a controlled substance] & 11360 [transportation or attempted transportation of marijuana].)  However, both statutes also cover the completed offenses.  Defendant cites sections 11379, 11379.5, and 11380 as other statutes listed in section 11590 that cover attempts, but none of those sections were listed in section 11590 when it was enacted in 1972.  In any case, all of those sections, like sections 11352 and 11360, also cover the completed offenses.  We conclude that this reference to attempts was an instance of drafting error by the Legislature because none of the listed statutes cover only attempts.

5

goal is "'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.'"'" (*Manzo*, at p. 886.) "But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 (*Lungren*).) "[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer v. Workmen's Comp. Appeals Bd*. (1973) 10 Cal.3d 222, 230.)

While it is true that section 11590 does not itself expressly state that registration is required for attempts, the statutory scheme of which it is an integral part unambiguously reflects that the Legislature intended for section 11590 to apply to attempts. Section 11590 was enacted in 1972 as part of a single legislative act that also enacted sections 11592 and 11593. (Stats. 1972, ch. 1407, § 3, pp. 3036-3038.) Section 11592 provides: "Any person who, on or after the effective date of this section is discharged or paroled from a jail, prison, school, road camp, or other institution where he or she was confined because of *the commission **or attempt to commit** one of the offenses described in Section 11590* shall, prior to such discharge, parole, or release, be informed of his or her *duty to*

6

*register under that section* by the official in charge of the place of confinement . . . ." (§ 11592, bold & italics added.) Section 11593 provides: "Any person who, on or after the effective date of this section is convicted in the State of California of *the commission or attempt to commit* *any of the above-mentioned offenses* [**4**] and who is released on probation or discharged upon payment of a fine shall, prior to such release or discharge, be informed of his *duty to register under Section 11590* by the court in which he has been convicted . . . ." (§ 11593, bold & italics added.)

Sections 11592 and 11593 plainly reflect that the Legislature intended for section 11590 to apply to attempts. The Legislature could not possibly have intended for a person convicted of an "attempt to commit" an offense listed in section 11590 to be informed of his or her "duty to register under Section 11590" if such a person *had no duty to register under section 11590*. The only way to harmonize section 11590 with sections 11592 and 11593 is to construe section 11590 to apply to attempts. A literal construction of section 11590, such as defendant proposes, "should not prevail if it is contrary to the legislative intent apparent" in the statutory scheme and would render the "related provisions" in sections 11592 and 11593 "nugatory." (*Lungren*, *supra*, 45 Cal.3d at p. 735.) Here, defendant's proposed construction of the statute would lead to disharmony and would render portions of the statutory scheme nugatory. Consequently, we agree with the Fifth District's conclusion in *Crowles* that section 11590 applies to attempts.

We also cannot credit defendant's claim that the rule of lenity applies here. " 'That rule generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation. But . . . 'that rule applies "only if two reasonable interpretations of the

---

**4** Section 11593's reference to the "above mentioned offenses" plainly referred to the list in section 11590.

statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.] 'The rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. [Citation.] Rather, the rule applies "'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'" [Citation.]'" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) The Legislature's intent to include attempts within the scope of section 11590 is quite clear. Hence, the rule of lenity is not applicable.

The trial court did not err in requiring defendant to register under section 11590.


### B.  Cell Phone and Computer Probation Search Condition

Defendant contends that the trial court's imposition of a probation search condition that applied to cell phones and computers and required him to supply necessary passwords was unreasonable, vague, and overbroad.[5] The Attorney General asserts that defendant forfeited most of his challenges by failing to raise them below and that his challenges lack merit.

### 1.  Reasonableness

Defendant does not challenge the entire cell phone and computer search condition. He claims that he "is not arguing that the cell phone search condition is invalid under *Lent*, so long as it only encompasses the use of his cell phone to text and to call." Defendant limits his challenge to the "computer and password" aspects of the condition and what he views as its unwarranted application to "electronic search functions."

"[The] failure to timely challenge a probation condition on '*Bushman/Lent*' [(reasonableness)] grounds in the trial court waives the claim on appeal." (*People v.*

---

[5]    Defendant contended in his opening appellate brief that this condition violated the California Invasion of Privacy Act, but he expressly withdrew this contention in his reply brief.

*Welch* (1993) 5 Cal.4th 228, 237.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Id.* at p. 235.)

The only objection that defendant's trial counsel made below was to the requirement that defendant "provid[e] a password," and the court overruled the objection on the ground that "[i]n this case they were using their cell phones to communicate with the dealer." That objection preserved only his challenge to the password aspect of the condition. It did not preserve his appellate contention that the condition was invalid in including within its scope "computers" and "electronic search functions." Neither defendant's objection nor the trial court's response reflect that the trial court was given the chance to modify the scope of the condition or to explain why it was necessary to include computers or "electronic search functions" within the scope of the condition. Therefore the only reasonableness challenge we consider is to the password aspect of the condition.[6]

"Trial courts have broad discretion to impose such reasonable probation conditions 'as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . .'" (*People v. Chardon* (1999) 77 Cal.App.4th 205, 217; Pen. Code, § 1203.1, subd. (j).) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

---

[6] Defendant argues at length that the condition is unreasonable. Nevertheless, he does not explicitly identify the password aspect as unreasonable independent of his challenges to the other aspects of the condition.

The probation condition requires defendant to provide the passwords necessary to perform searches of his cell phones and computers. The password aspect of the condition was related at the very least to his future criminality. Defendant used a cell phone to arrange to purchase a quarter-pound of methamphetamine for $1,300 so that he could resell it. One of the two cell phones that he was carrying at the time of his arrest could not be searched due to his failure to provide a password. Since defendant used a cell phone to arrange the illegal drug transaction for which he was convicted in this case, it was imperative that his cell phone use be monitored by the probation officer to ensure that he was not violating his probation by engaging in drug trafficking. The fact that defendant had carried a cell phone that was password protected, and as a result could not be searched, amply demonstrated the need for a condition requiring him to provide passwords. The trial court did not abuse its discretion by including in the cell phone and computer search condition a requirement that defendant provide passwords.

## 2. Vagueness

Defendant contends that the condition was unconstitutionally vague because it did not define "electronic searches."

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have '"*reasonable* specificity."'" (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for

10

the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid*.)

Defendant claims that "[t]he term 'electronic' is vague because it is not sufficiently precise for [defendant] to know what electronics the condition encompasses." His contention lacks merit. The condition imposed by the trial court required defendant to "[s]ubmit . . . all property under your control to, and including cell phones and computers, to a search . . . [and] provid[e] the passwords that [are necessary to] conduct the electronic searches." Because the trial court explicitly stated that the probation condition applied to "cell phones and computers" and never used the word "electronic*s*," the court's use of the word "electronic" was not itself a possible extension of the condition's reach to other electronic devices, as defendant seems to assume. The court's use of the words "electronic searches" merely acknowledged that passwords would be required for "electronic searches" rather than physical searches. Indeed, in imposing the otherwise identical condition on defendant's codefendant just minutes before it imposed the condition on defendant, the court did not use the word "electronic" at all but simply said that "you need to provide the passwords to conduct the search" of "your computer or phone." In this context, defendant could not have misunderstood the meaning of "electronic" as it was used in the probation condition.

### 3. Overbreadth

Defendant claims that the probation condition was overbroad and must be sent back to the trial court to "narrowly tailor" it. He asserts that he "is certainly not arguing that such a condition is per se unconstitutional" but only that it is "unconstitutionally overbroad, because it is neither narrowly tailored to the underlying offense nor [defendant] in particular."

In *Sheena K.*, *supra*, 40 Cal.4th 875, the California Supreme Court considered whether the *Welch* waiver rule extended not only to *Lent* challenges to probation conditions but also to " 'facial' " constitutional challenges based on vagueness or

11

overbreadth.  (*Sheena K.*, at pp. 883, 885.)  The court decided to recognize a narrow exception to the *Welch* waiver rule for facial constitutional challenges on vagueness or overbreadth grounds that raise " ' ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' ' " (*Sheena K.*, at p. 889.)

Defendant admits that he is not making a *facial* ("per se") constitutional overbreadth challenge.  Instead, his overbreadth challenge depends on the record developed in the trial court.  As he did not object to the condition on overbreadth grounds below, he has forfeited this contention.

### III.  Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.

People v. Daniel Smith
H042287

Trial Court:                                     Santa Clara County Superior Court


Trial Judge:                                     Honorable Javier Alcala


Attorney for Defendant and Appellant:            Sidney Sue Hollar
                                                 Under Appointment by the Sixth
                                                 District Appellate Program


Attorneys for Plaintiff and Respondent:          Kamala D. Harris
                                                 Attorney General of California

                                                 Gerald A. Engler
                                                 Chief Assistant Attorney General

                                                 Jeffrey M. Laurence
                                                 Senior Assistant Attorney General

                                                 Catherine A. Rivlin
                                                 Supervising Deputy Attorney General

                                                 Laurence K. Sullivan
                                                 Supervising Deputy Attorney General