Filed 4/14/21  In re M.J. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | H047988 (Santa Clara County Super. Ct. No. 19JV43523A&B) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.J.,<br><br>        Defendant and Appellant. | |

Appellant M.J. (the minor) was placed on probation after he admitted allegations of misdemeanor sexual battery (Pen. Code, § 243.4, subd. (e)(1))[1] and misdemeanor battery against a person with whom the minor is in a dating relationship (§ 243, subd. (e)(1)).  On appeal, he challenges three probation conditions on constitutional grounds.  He also contends that his defense counsel was prejudicially deficient for failing to object to the probation conditions at the time of their imposition.  We conclude that remand is required for two of the probation conditions, as one is an impermissible delegation of judicial authority and the other one is unclear because the written order conflicts with the juvenile court's oral pronouncement.  Accordingly, we reverse and remand with directions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## I.    Background

According to the probation report, in January 2019, the minor, R.W., and A.T. accompanied the victim to her home in Santa Clara County.  All four of them were juveniles and attended high school together.  They consumed alcohol and marijuana.  At some point, the victim became tired and went to her bedroom.  The minor, R.W., and A.T. followed her.  As the victim lay on her bed to sleep, she heard someone lock the door.  The victim's cellphone was taken from her, and her clothing and underwear were removed.  The victim's vagina was then penetrated by a finger that she believed was A.T.'s finger.  Someone then flipped her onto her stomach and she felt a penis penetrate her from behind.  At one point during the assault, the victim looked back and saw the minor behind her.  Although the victim's recollection was " 'hazy,' " she recalled "repeatedly telling [the minor, R.W., and A.T.] 'no' and to 'stop.' "  She also "repeatedly 'swatted' [their] hands away from her and requested they 'stop touching' her several times.  The assailants reportedly made the statement, 'You know you like it,' while touching [the victim]."

In April 2019, law enforcement responded to a domestic violence call at the minor's home in Alameda County.  Officers encountered L.F., who had been in a dating relationship with the minor for two years and was nine months pregnant with his child.  L.F. reported that after the minor's mother left, the minor tried to hug and kiss her.  She smelled alcohol on his breath and told him to stop.  L.F. then moved to leave, but the minor blocked the door and prevented her from leaving.  She again tried to leave, but the minor "wrapped both hands around her neck and began [choking] her, making it difficult for her to swallow."  The minor put a chair in front of the door and sat in the chair.  L.F. tried to leave again.  The minor put his hands around her neck and forced her into the chair, choking her.  She had trouble breathing and hit the minor repeatedly until he released her.  He eventually let her leave.

The Santa Clara District Attorney filed a juvenile wardship petition (Petition A) alleging that the minor committed rape in concert (§ 264.1, subd. (a)), sexual penetration in concert (§ 264.1, subd. (a)), and oral copulation in concert (§ 287, subd. (d)(1)(A)). After a detention hearing in March 2019, the minor was released, subject to electronic monitoring, and placed in the custody of his mother in Alameda County.

The Alameda County District Attorney later filed a juvenile wardship petition (Petition B) alleging felony infliction of corporal injury upon a relationship partner (§ 273.5, subd. (a)) and felony false imprisonment by violence (§ 236).

In November 2019, Petition A was amended to add a count of misdemeanor sexual battery (§ 243.4, subd. (e)(1)). Pursuant to a plea agreement, the minor admitted the sexual battery charge, and the juvenile court dismissed the three remaining counts.

In December 2019, in accordance with a plea agreement, the prosecution amended the felony infliction of corporal injury charge in Petition B to misdemeanor battery on a dating partner (§ 243, subd. (e)(1)). After the minor admitted the misdemeanor battery charge, the prosecution dismissed the remaining charge of false imprisonment.

Disposition of both petitions occurred in Santa Clara County. At the February 2020 dispositional hearing, the juvenile court placed the minor on probation in the custody of his parents. The minor filed a timely notice of appeal.

## II.    DISCUSSION

On appeal, the minor challenges three of his probation conditions—probation condition Nos. 3, 12, and 14 (hereinafter conditions 3, 12, and 14). "The juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.] ' "Even conditions which

3

infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].” ’ ” (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81-82, overruled on other grounds by *In re Jaime P.* (2006) 40 Cal.4th 128, 139.)

### A. Condition 3

The minor contends that condition 3 is unconstitutionally vague. Condition 3 states: “That said minor not knowingly enter on the campus or ground of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities[.]” The minor points to the phrase “responsible adult,” and argues that the term is unconstitutionally vague because different individuals “may not agree as to whether a [particular] person is ‘responsible.’ ” The minor asks whether it “require[s] that the person be of a certain age, or be married with children, or be employed in a particular class of work?”

Although the minor did not object to the imposition of this condition, “we do not deem the issue[] forfeited on appeal, since the failure to object on the ground that a probation condition is unconstitutionally vague or overbroad is not forfeited on appeal.” (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143 (*Shaun R.*).)

“ ‘[T]he underpinning of a vagueness challenge is the due process concept of “fair warning.” [Citation.] The rule of fair warning consists of “the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders” [citation], protections that are “embodied in the due process clauses of the federal and California Constitutions.” ’ [Citation.] ‘In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that “abstract legal commands must be applied in a specific *context*,” and that, although not admitting of “mathematical certainty,” the language used must have “ ‘*reasonable* specificity.’ ” ’ [Citation.] ‘A probation condition “must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,” if it is to withstand a challenge on the ground of vagueness.

4

[Citation.]' [Citation.]" (*People v. Smith* (2017) 8 Cal.App.5th 977, 986.) We review the constitutionality of a probation condition de novo. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

Here, we do not find the phrase "responsible adult" to be unconstitutionally vague. Condition 3 requires the minor to "not knowingly enter on the campus or ground of any school" unless, among other things, he is "accompanied by a parent or guardian or responsible adult . . . ." The term "responsible adult," when read in context, reasonably identifies those adults who are responsible in some way for the minor's care, rehabilitation, or supervision. The placement of this term after "parent or guardian" indicates that the responsible adult is one who would be responsible for the minor while he is on the school campus or grounds. It is not, as the minor suggests, a term meant to describe the qualities of the individual accompanying the minor. Rather, it is an objective term that describes the role of the accompanying adult. Thus, the term "responsible adult" reasonably identifies the class of persons who must accompany the minor if he knowingly enters the campus or grounds of a school. Put another way, the term is sufficiently precise for the minor to know what is required of him, and for the court to determine whether the condition has been violated.

### B.  Condition 12

The minor argues that condition 12 constitutes an improper delegation of judicial authority because it gives the probation officer "unfettered discretion to order [the minor] to attend any type of counseling or education program, even counseling or education wholly unrelated to his offense or rehabilitation."

Condition 12 states: "That said minor and his parents participate in a counseling or education program as determined by the Probation Officer."

When a condition of probation is challenged as unconstitutionally vague or overbroad or because it impermissibly delegates judicial authority, the claim presents a question of law that we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183;

5

*Shaun R.*, *supra*, 188 Cal.App.4th at p. 1143.) Although the minor did not object to the imposition of condition 12, his constitutional claim that it is an unconstitutional delegation of judicial authority is not forfeited on appeal. (*Shaun R.*, *supra*, at p. 1143.)

A juvenile court has broad discretion to establish probation conditions. (*In re. D.H.* (2016) 4 Cal.App.5th 722, 727 (*D.H.*).) "[A juvenile] court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359 (*O'Neil*).)

In *People v. Penoli* (1996) 46 Cal.App.4th 298, the court imposed a probation condition requiring the defendant to enter a residential treatment program " 'as approved by the Probation Officer' " and to remain there until the defendant successfully completed it. (*Id.* at p. 301.) The Court of Appeal determined that the condition did not unlawfully delegate judicial authority to the probation officer to unilaterally select a drug rehabilitation program. (*Id.* at p. 307) Rather, the condition reasonably identified the type of drug treatment program that the defendant was required to attend. In terms of delegation, the condition authorized the probation officer to select only the particular drug rehabilitation program, a decision which largely depended on "mercurial questions of timing and availability." (*Id.* at p. 308.)

In this case, the "counseling or education" condition amounted to an improper delegation of judicial authority. Unlike in *Penoli*, the juvenile court's order did not in any way specify the *type* of counseling or education program that the minor and his parents were required to attend. Instead, the condition effectively delegated unfettered discretion to the probation officer to decide what kind of counseling or education the minor and his parents must attend, without any direction or limitation from the court.

6

Because of the wide range of plausible programs that could conceivably be characterized as counseling or education, the court's order was largely "open-ended." (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1359.) Thus, on remand the condition must either be stricken or modified.[2]

The Attorney General asserts that condition 12 is statutorily required and that it was reasonable for the juvenile court to impose it. Welfare and Institutions Code section 729.2 states that if a minor is not removed from the physical custody of the parent or guardian, "the court as a condition of probation, except in any case in which the court makes a finding and states on the record its reasons that the condition would be inappropriate, shall: [¶] . . . [¶] (b) Require the parents or guardian of the minor to participate with the minor in a counseling or education program . . . ." In this case, however, the juvenile court had already fulfilled this statutory requirement elsewhere in the probation conditions. Condition 10 required the minor and his parents to "enroll in and complete a psychological counseling program as determined by the Probation Officer." Condition 11 required the minor to "enroll in and complete sexual behavior therapy as determined by the Probation Officer." Condition 13 required the minor and his parents to "enroll in and complete a drug/alcohol counseling program as determined by the Probation Officer." Condition 21 required the minor to "complete a domestic or family violence program," and condition 22 required him to "complete a parent education program as determined by the Probation Officer." Thus, the juvenile court had already fulfilled its statutory mandate by imposing these conditions, which notably were more specific and detailed than condition 12. In that respect, conditions 10, 11, 13, 21, and 22 demonstrate what kind of additional detail the juvenile court could provide for condition 12 on remand. In light of these other conditions, it is not clear what additional type of counseling or education program condition 12 envisions. Under these circumstances, the

---

[2] The minor also contends that this condition is unconstitutionally vague. In light of our remand, we need not address the vagueness claim.

vague wording of condition 12 constitutes an unconstitutional delegation of judicial authority.

## C.    Condition 14

The minor argues that condition 14 is unconstitutionally overbroad.  He argues that it infringes upon his constitutional right of association, it is not narrowly tailored to the purposes of his probation, and therefore it must be stricken.  He notes that there is a discrepancy between the juvenile court's oral statements about the condition and the minute order.   The Attorney General concedes that there is a discrepancy between the court's oral statements and the minute order, and urges that we remand for clarification from the juvenile court.

Condition 14 states:  "That said minor not knowingly associate with any person whom he knows to be, or that the Probation Officer informs him to be, a probationer or parolee."

At the dispositional hearing, defense counsel indicated that there was "one other matter which is related to probationers."  Impliedly referencing condition 14, defense counsel noted that the minor's brother is a probationer, that the brother lives with the minor's mother, that the minor also lives with his mother, and therefore he is in regular contact with a probationer.  The probation officer clarified that "[p]robation would never violate someone under those circumstances.  That . . . is usually friends or associations outside of the family."  The juvenile court then stated:  "The ones I want to be clear about that you don't hang out with [are] the co-participants.  And I realize you refer to them as cousins.  Although I'm not sure they're blood relations.  The bottom line is I want to keep you guys separate.  Okay."

In general, "[w]hen there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls."  (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.)  However, in cases where a reviewing court must " 'piece together the full terms of . . . probation'  by reviewing the various potential

8

sources of those conditions," remand for clarification may be appropriate. (*D.H.*, *supra*, 4 Cal.App.5th at p. 726.)

Here, the juvenile court's statements about condition 14 are ambiguous. First, the probation officer stated that the condition was directed only at "friends or associations outside of the family," which suggested an exception allowing the minor to associate with family members who are probationers. Then, without affirming or disputing the probation officer's characterization, the juvenile court indicated that its "bottom line" was "keep[ing] you guys separate," meaning the minor and his co-participants. On this record, it appears that the juvenile court intended for a narrower construction of condition 14 than was reflected in the minute order. The scope of the challenged probation condition is unclear. This lack of clarity raises "serious due process concerns." (*D.H.*, *supra*, 4 Cal.App.5th at p. 727.) We therefore reverse the order and remand for clarification from the juvenile court of the scope of condition 14. Because of this lack of clarity, we decline to address the minor's overbreadth challenge at this time.

### D.     Ineffective Assistance

The minor contends that if we find forfeiture of any of his arguments, then his defense counsel was prejudicially deficient for failing to object to the challenged probation conditions. However, because we do not find forfeiture, we need not address the minor's ineffective assistance claims.

## III.     DISPOSITION

The order is reversed, and the matter is remanded with directions for the juvenile court to clarify the scope of probation condition No. 14 in light of its oral statements made at the dispositional hearing, and to either strike probation condition No. 12 or modify it to specify what type of counseling or education program the minor and his parents are required to attend.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.




_____

DANNER, J.




*People v. M.J.*
H047988