Filed 12/23/21  P. v. Ware CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARTIN WARE,<br><br>      Defendant and Appellant. | E076404<br><br>(Super.Ct.No. FSB03904)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

In 1995, a jury convicted defendant and appellant Martin Ware of several crimes, including two counts of first degree attempted murder. (Pen. Code,[1] §§ 664, 187, subd. (a).) In 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) went into effect and now allows a defendant convicted of murder to petition a court under section 1170.95 to have the murder conviction vacated. Defendant filed a petition under section 1170.95. The trial court dismissed his petition because he was convicted of attempted murder, not murder.

Defendant appeals, arguing the court erred in denying his petition since the provisions of Senate Bill No. 1437 apply to defendants convicted of attempted murder. We disagree and affirm the trial court's order.

## PROCEDURAL BACKGROUND

A jury found defendant guilty of shooting at an occupied vehicle (§ 246, count 1), two counts of kidnapping for robbery (§ 209, subd. (b), counts 2 & 3), two counts of kidnapping (§ 207, subd. (a), counts 7 & 8), one count of assault with intent to commit rape (§ 220, count 6), and two counts of attempted premeditated murder (§§ 664, 187, counts 9 & 10). The jury also found true various enhancements. A trial court sentenced defendant to four consecutive life terms with the possibility of parole for the two attempted murder convictions and two kidnapping for robbery convictions, plus a

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

determinate term of 21 years four months for the other convictions and enhancement findings.

On October 10, 2019, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189. He also requested appointment of counsel. The People filed an opposition, arguing that defendant was convicted of attempted murder, and Senate Bill No. 1437 does not apply to attempted murder. The trial court appointed counsel to represent defendant, and counsel filed a reply brief arguing that Senate Bill No. 1437 should apply to attempted murder.

On December 11, 2020, the court held a hearing on the petition. The court stated that attempted murder is not addressed by Senate Bill No. 1437 or section 1170.95 and therefore denied the petition.

## DISCUSSION

### Senate Bill No. 1437 Does Not Apply to Attempted Murder

Defendant argues that Senate Bill No. 1437, including the petitioning procedure in section 1170.95, applies to convictions for both murder and attempted murder. He contends that excluding attempted murder from relief is incorrect because attempted murder is a lesser included offense of murder, it would be contrary to legislative intent

3

and would result in absurd consequences, and it violates equal protection.  We disagree and conclude that the court properly dismissed his petition.

A. *Senate Bill No. 1437*

On September 30, 2018, the Governor signed Senate Bill No. 1437.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722 (*Martinez*).)  "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions."  (*Id.* at pp. 722-723.)  "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' "  (*Id.* at p. 723.)

Senate Bill No. 1437 accomplished that purpose by substantively amending section 188 (defining malice) and section 189 (defining the degrees of murder).  "Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' "  (*In re R.G.* (2019) 35 Cal.App.5th 141, 144; see § 188, subd. (a)(3).)  Amended section 189 limits first degree murder liability based on a felony-murder theory to a person who:

4

(1) was the actual killer; (2) although not the actual killer, intended to kill and assisted the actual killer in the commission of first degree murder; or (3) was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Senate Bill No. 1437 also added section 1170.95, which creates a procedure by which persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing. (*Martinez*, *supra*, 31 Cal.App.5th at pp. 722-723.) Subdivision (a) of section 1170.95 provides: "(a) A person *convicted of felony murder or murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of *felony murder or murder* under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of *first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.)

B. *The Court Properly Dismissed the Petition*

We follow the reasoning in *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234, and find that Senate Bill No. 1437 does not apply to attempted murder. (*Munoz*, pp. 753-754.)

The court in *Munoz*, *supra*, 39 Cal.App.5th 738, held that Senate Bill No. 1437 plainly and unambiguously applies only to murder because "section 1170.95 . . . speaks only in terms of murder, not attempted murder." (*Munoz*, at p. 754.) As the *Munoz* court noted, "[w]here the words of the statute are clear, we are not at liberty to add to or alter them to accomplish a purpose that is not apparent on the face of the statute or in its legislative history." (*Id.* at p. 755.)

Other appellate courts have concluded that despite attempted murder not being enumerated in Senate Bill No. 1437, the legislation must be interpreted to include attempted murder. (See *People v. Larios* (2019) 42 Cal.App.5th 956, 966 (*Larios*), review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001 (*Medrano*), review granted March 11, 2020, S259948; see also *People v. Sanchez* (2020) 46 Cal.App.5th 637 (*Sanchez*), review granted June 10, 2020, S261768.) *Larios* and *Medrano* held that Senate Bill No. 1437's changes to sections 188 and 189 preclude imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. (*Larios*, at p. 966; *Medrano*, at p. 1013.) As the *Larios* court explained, section 188, as amended, stated that " 'malice shall not be imputed to a person based solely on his or her participation in a crime' "

6

(*Larios*, at p. 966), and contained "no exceptions for attempted murder, which indisputably requires express malice." (*Id.* at p. 967.) Based on section 188, the *Larios* court determined Senate Bill No. 1437 modified accomplice liability for both murder and attempted murder. (*Larios*, at p. 968.) Accordingly, because the amended statutes prohibit malice from being imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder. (*Larios*, at p. 966; *Medrano*, at p. 1013.)

However, in *Larios* and *Medrano*, the courts found that even if Senate Bill No. 1437 applied to attempted murder convictions on direct appeal, based on the unambiguous language in section 1170.95, a defendant convicted of attempted murder could not file a petition pursuant to section 1170.95. (*Larios*, *supra*, 42 Cal.App.5th at pp. 969-970; *Medrano*, *supra*, 42 Cal.App.5th at pp. 1017-1018.) *Larios* and *Medrano* agreed with the reasoning of *Munoz* "that the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder." (*Larios*, *supra*, 42 Cal.App.5th at p. 970; see *Medrano*, *supra*, 42 Cal.App.5th at p. 1018.) *Larios* and *Medrano* concluded, "there [was] a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*Medrano*, at p. 1018; see *Larios*, at p. 970.) We agree and find that

7

section 1170.95 does not allow a defendant who has been convicted of attempted murder to apply for relief.

Defendant acknowledges that *Larios* and *Medrano* hold that the petitioning procedures in section 1170.95 are not available to defendants convicted of attempted murder. Nonetheless, he claims that relief should be permitted to those convicted of attempted murder because attempted murder is a lesser included offense of murder. In support of this position, he cites *People v. Barrajas* (1998) 62 Cal.App.4th 926, *People v. Crowles* (1993) 20 Cal.App.4th 114, *Hooper v. Deukmejian* (1981) 122 Cal.App.3d 987, and *People v. King* (1993) 5 Cal.4th 59. However, none of those cases concern Senate Bill No. 1473, and they are therefore inapposite. We further note that, by section 1170.95's plain terms, only persons "convicted of felony *murder or murder* under a natural and probable consequences theory may file a petition . . . ." (§ 1170.95, subd. (a), italics added.) "The repeated references to murder convictions in section 1170.95, as opposed to attempted murder convictions, make clear that Senate Bill 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder." (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 (*Alaybue*).)

Defendant further argues that construing Senate Bill No. 1437 to apply to murder, but not attempted murder, would be contrary to the intent of the Legislature and would result in the absurd consequences of, for example, a defendant who committed an assault with a deadly weapon where the victim died being guilty of assault; however, for the

same conduct, if the victim does not die, the defendant would be guilty of the greater offense of attempted murder. The court in *Munoz* rejected a similar argument. The defendant in that case argued that construing Senate Bill No. 1437 to apply only to murder would result in " 'absurdly disparate' sentencing consequences for the same conduct, with persons convicted of the lesser offense of attempted murder serving longer sentences than those convicted of murder." (*Munoz*, *supra*, 39 Cal.App.5th at p. 756, fn. omitted.) The *Munoz* court recognized that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did not intend or would frustrate the purpose of the legislation as a whole. However, it concluded that the Legislature apparently *intended* to exclude attempted murder from Senate Bill No. 1437's reach "and the consequences of that legislative choice are not clearly absurd." (*Munoz*, at p. 757.) The court pointed to "[t]he statute's uncodified statement of legislative findings and declarations," and noted the "repeated references to 'murder,' and murder alone," as well as "the statement that amendment of the natural and probable consequences doctrine was necessary 'as it relates to murder.' " (*Ibid.*)

The *Munoz* court also reasoned that it would not be absurd to abide by the plain language of the statute, since "it is far from clear that interpreting Senate Bill [No.] 1437 to apply to convictions for murder, but not attempted murder, will always, or typically, result in longer sentences for the latter." (*Munoz, supra*, 39 Cal.App.5th at pp. 757-758.) The court noted that "the basic punishment for attempted murder is far less severe than

9

that imposed for murder"[2] and applying the statute's plain language does not "undermine the primary legislative goal of making punishment commensurate with culpability, because the punishment for attempted murder was already, prior to Senate Bill [No.] 1437's enactment, less than that imposed for murder." (*Id.* at p. 758; see also *Alaybue*, *supra*, 51 Cal.App.5th at p. 224 ["the Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at persons convicted of murder as opposed to attempted murder . . . because the punishment for attempted murder is generally far less than the punishment imposed for murder."].)

Moreover, the *Munoz* court observed that the " 'absurdity exception requires much more than [a] showing that troubling consequences may potentially result if the statute's plain meaning were followed or that a different approach would have been wiser or better,' " and, further, that the absurdity doctrine should be used only in extreme cases. (*Munoz*, *supra*, 39 Cal.App.5th at p. 758; see *People v. Morales* (2019) 33 Cal.App.5th 800, 806.) Here, although the potential consequences suggested by defendant may be troubling, we do not find the plain meaning of Senate Bill No. 1437 to be "so absurd in its results that we would be permitted to disregard the literal language used in the statute." (*Alaybue*, *supra*, 51 Cal.App.5th at p. 225; see *Munoz, supra*, 39 Cal.App.5th at p. 758.)

---

[2] We note that the punishment for first degree murder is death, life in prison without the possibility of parole, or 25 years to life in state prison. (See § 190, subd. (a).) The penalty for second degree murder is, with some exceptions, generally 15 years to life in state prison. (*Ibid.*) The penalty for attempted murder is life in prison with the possibility of parole (with a minimum term of seven years) or a determinate term of five, seven, or nine years. (See § 664, subd. (a).)

10

Defendant further argues that interpreting Senate Bill No. 1437 and section 1170.95 as only permitting relief for murder and not attempted murder violates equal protection, since "murder and attempted murder are 'similarly situated' for the purpose of section 1170.95 because by definition both require malice." We disagree. "The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Morales* (2016) 63 Cal.4th 399, 408.)

"[P]ersons convicted of murder are not similarly situated to persons convicted of attempted murder for purposes of Senate Bill 1437." (*Munoz, supra*, 39 Cal.App.5th at pp. 760-761.) "Attempted murder and murder are different offenses. [Citations.] Significantly, attempted murder is punished less harshly than murder. 'These different penal consequences necessarily mean, for purposes of sentencing reform, an individual charged with, or convicted of, murder under the natural and probable consequences doctrine is not similarly situated to an individual confronting a charge of attempted murder . . . under the doctrine.' " (*Id.* at p. 761.)

Defendant's equal protection claim also fails because he has not shown the absence of a rational basis for excluding attempted murder convictions from Senate Bill

11

No. 1437's reach.  As explained extensively in *Munoz*, "balancing the costs involved, the fact the penalties for attempted murder are less severe than for murder, and the length of prison terms mandated for many potentially relevant felonies, the Legislature could rationally have determined that extending Senate Bill 1437 relief to attempted murderers would put too great a strain on state resources, while resulting—in most cases—in insignificant decreases in the sentences served for attempted murder convictions.  The Legislature could reasonably conclude its aims could be achieved by limiting relief to persons convicted of murder, but not attempted murder.  'Preserving the government's financial integrity and resources is a legitimate state interest.' " (*Munoz*, *supra*, 39 Cal.App.5th at p. 765.)

Ultimately, we agree with the reasoning and holding of the court in *Munoz* that Senate Bill No. 1437 does not apply to defendants convicted of attempted murder.[3]

---

[3] We recognize that Senate Bill No. 775, signed by Governor Newsom on October 5, 2021, and effective January 1, 2002, amends section 1170.95 to include attempted murder and manslaughter within its provisions.  Therefore, this opinion is made without prejudice to defendant bringing a new petition under section 1170.95 after the effective date of the amended statute.

12

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                              J.


We concur:


RAMIREZ _____
                    P. J.


MENETREZ _____
                    J.


13